# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM MEADOWS,

    Plaintiff,

  v.                                                                                                                            No. 1:20-cv-138-KWR-JFR

GREENBACK RECOVERY GROUP LLC;
SUSAN CONWAY;
and DOE 1-5

    Defendants.

## ORDER FINDING DEFENDANTS IN CIVIL CONTEMPT
## AND ORDER SETTING SHOW CAUSE HEARING

**THIS MATTER** comes before the Court upon Plaintiff's Motion for an Order of Contempt, Issuance of Writ of Body Attachment, and for Additional Attorney's Fees, filed on February 11, 2021 (**Doc. 23**) and following Plaintiff's Notification to the Court (**Doc. 24**) of Defendants' noncompliance with this Court's Order of December 28, 2020 in failing to either: (1) Answer Plaintiff's Post-Judgment Interrogatories in full and without objections; (2) Pay the outstanding judgment; or (3) Show cause as to why they failed to respond to Plaintiff's Post-Judgment Interrogatories. (**Doc. 22**). The Court finds Defendants in civil contempt of an Order (**Doc. 22**) entered by this Court and will afford them a last opportunity to comply with that Order before issuing a warrant for Defendant Susan Conway's arrest. Pursuant to 15 U.S.C. § 1692k(a)(3), the Court will now grant Plaintiff's request for $843.00 in attorney's fees for time expended in efforts to enforce the judgment. The Court will reserve ruling on Plaintiff's entitlement to attorney fees, and the amount of those attorney fees, for the instant motion, which

Plaintiff asserts amounts to $1,050.00, pending Defendants' response and appearance (if any) to this order.

## PROCEDURAL BACKGROUND

On February 18, 2020, Plaintiff filed a suit against Defendants alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). Defendants were served on March 16, 2020. Defendants failed to file a responsive pleading or otherwise appear in any manner. Defendants did not contact Plaintiff. Plaintiff filed a Request for Entry of Default as to Defendant Greenback Recovery Group LLC on April 17, 2020, which the Court entered on April 20, 2020. Plaintiff filed a request for Entry of Default as to Defendant Susan Conway on April 22, 2020, which the Court entered on April 23, 2020. Defendants did not move to set aside the Entry of Default or otherwise appear.

On June 22, 2020, default judgment was entered in favor of Plaintiff and against Defendants in the amount of $6,079.50. **Doc. 20**. On August 11, 2020, Plaintiff mailed post judgment interrogatories to Conway on behalf of herself and Greenback Recovery Group LLC. **Doc. 21-2.** Conway received the post judgment interrogatories on August 14, 2020 via Priority Mail. *Id*. The interrogatories were served in aid of the judgment and execution pursuant to Rule 69 of the Federal Rules of Civil Procedure. The deadline for Defendants' responses was September 14, 2020. Defendants have failed to respond to the post-judgment interrogatories in any manner.

On December 21, 2020, Plaintiff filed a Motion to Compel Responses to Post Judgment Interrogatories and for Attorneys' Fees. **Doc. 21.** On December 28, 2020, the Court granted in part Plaintiff's Motion to Compel, ordering Defendants to either: (1) Answer Plaintiff's Post Judgment Interrogatories in full and without objections; (2) Pay the outstanding judgment; or (3) Show cause as to why they failed to respond to Plaintiff's Post Judgment Interrogatories. **Doc. 22.**

The Court reserved decision with respect to Plaintiff's entitlement to attorney's fees pending Defendants' response. Defendants have failed to comply with or respond to the Court's Order, and no explanation has been offered for this noncompliance.

## DISCUSSION

In the Motion for Order of Contempt (**Doc. 23**), Plaintiff requests that the Court proceed with issuing a warrant for Defendant Susan Conway's arrest as necessary to compel Defendants' compliance with this Court's December 28, 2020 Order. The issue here is whether Defendants are in contempt of that Order and whether these sanctions are appropriate at this point.

### I. Legal Standard

Whether a contempt is civil or criminal "turns on the character and purpose of the sanction involved." A contempt sanction is considered "civil if it is remedial, and for the benefit of the complainant." If contempt is criminal, then "the sentence is punitive, to vindicate the authority of the court." *In International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 827–28 (1994) ("*Bagwell*"), cited in *In re Lucre Management Group, LLC,* 365 F.3d 874 (2004). In civil contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Id*. at 828, 114 S.Ct. 2552 (internal quotations and citations omitted). On the other hand, "a completed act of disobedience that the contemnor cannot avoid" is criminal in nature. *Id*. Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance. *O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir. 1992); *see also Bagwell,* 512 U.S. at 827 (sanctions for civil

contempt resulting from actions occurring outside the courtroom are designed to compel future compliance with a court order).

In this case, the Court would consider sanctions relating to civil contempt, since the purpose of sanctions would be to compel Defendants to comply with this Court's Order. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) ("A district court may exercise broad discretion in using its contempt power to assure compliance with its orders."). A court is justified in holding a party in civil contempt for failure to comply with an order of the court when: (1) the court's order was clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. *ClearOne Communications, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990). In an ordinary civil proceeding, such sanctions may be imposed upon notice and an opportunity to be heard. *Bagwell*, 512 U.S. at 827. Proof beyond a reasonable doubt and a jury trial are not necessary. *Id.* at 831-832.

A civil contempt sanction typically involves confining a contemnor until he complies with an affirmative command. *Id.* at 827. A court may confine a civil contemnor only "when the contemnor is given the option of earlier release if he complies . . . . [and] is able to purge the contempt and obtain his release by committing an affirmative act." *Id.* Civil contempt therefore performs a remedial and not a punitive function. *Id.* Further, jailing a party for civil contempt is not an abuse of a court's discretion. *See United States v. Ford*, 514 F.3d 1047, 1052 (10th Cir. 2008) (holding that the District Court did not abuse its discretion in ordering a taxpayer to be held incarcerated in civil contempt until he complied with the court's prior order); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (the inherent power of all courts to order the confinement of a contemnor is firmly established).

**II.     Analysis**

The issue here is whether sanctions can be entered against Defendants in order to coerce them to comply with this Court's Order for them to produce answers to Plaintiff's Post-Judgment Interrogatories, payment of the outstanding judgment, or show cause why they failed to respond to the interrogatories as directed in the December 28, 2020 Order.  *See O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir. 1992) (noting that because the proceeding was a civil contempt proceeding, the district court must fashion sanctions intended to coerce the individual into providing a complete accounting or to compensate other party for costs incurred as a direct result of their failure to provide this information, or both).

Plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that Defendants had knowledge of that court order, and that Defendants disobeyed the order.  *Reliance Ins. Co. v. Mast Const. Co*., 159 F.3d 1311, 1315 (10th Cir. 1998).

A.     December 28th Order

The December 28th Order was a valid court order. Defendants cannot claim they were not aware of the Order since it was served in accordance with New York Consolidated Laws, Civil Practice Law and Rules § 308(4). Moreover, Plaintiff's counsel swore by affidavit that, on April 8, 2020, he spoke with Susan Conway at which time she confirmed receipt of the summons and Complaint. **Doc. 12-1.**  Thus, the Court has no reason to doubt that she was in receipt of subsequent, appropriately served documents. **Docs. 21-3, Ex. B; 23 at 7; 23-1, Ex. A; 24 at 2.** Despite acknowledging to Plaintiff's counsel receipt of the summons and Complaint, served at the same address, Defendants have refused to comply with any Court directives.  The Order's language was clear and unambiguous, providing instruction to the requisite documents and set out deadlines in which Defendants were expected to comply or show cause why they failed to respond to

Plaintiff's Post-judgment Interrogatories. The Court finds Defendants' conduct to be dilatory and not in good faith as evidenced by a series of missed deadlines and ample opportunity to make an appearance. The Court also finds that Defendants do not appear to have any genuine intention of producing the requested documents or rendering payment. Thus, the Court finds that Plaintiff has provided clear and convincing proof of Defendants' noncompliance with this Court's December 28, 2020 Order, and, accordingly, holds Defendants to be in civil contempt of that order.

B.  <u>Last Opportunity for Defendants to Comply</u>

The Court's finding that Defendants are in contempt of this Court's December 28th Order is sufficient to issue an arrest warrant. Defendants' conduct satisfied the requirements for civil contempt, and Defendants had notice of the consequences of failing to comply as well as an opportunity to be heard. However, the Court recognizes that it may be more difficult for Defendants to comply with answering Plaintiff's Post-Judgment Interrogatories or paying the outstanding judgment while incarcerated. For this reason alone, the Court will afford Defendants a last opportunity to cure the problem and comply with the Court's December 28th, 2020 Order. Failure to appear at the hearing and/or failure to produce the requested answers to Plaintiff's interrogatories or payment of outstanding judgment pursuant to the Court's Order will result in the issuance of a warrant for Defendant Susan Conway's arrest.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion for an Order of Contempt, Issuance of Writ of Body Attachment, and for Additional Attorney's Fees is **GRANTED IN PART**. This Court finds Defendants Greenback Recovery Group LLC and Susan Conway in civil contempt of this Court's December 28, 2020 Order (**Doc. 22**);

(2)  Counsel for Plaintiff shall contact the following individual(s) with the U.S. Marshals Service in Albuquerque:

> **Paul Duran and/or Jerry Thompson**
>
> **U.S. Marshal Service, District of New Mexico**
>
> **333 Lomas Blvd NW, Ste. 180**
>
> **Albuquerque, NM 87102**
>
> **Telephone No.: (505) 346-6400**

Plaintiff shall provide them with a copy of Form USM-285, "Process Receipt and Return," including the known or suspected address of Defendants and all other necessary information to be served on Defendants, no later than **30 days after the filing of this Order.** The Court notes that Plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. **Doc. 5.**;

(3)  the U.S. Marshals Service will attempt service of

> (a) the summons and Amended Complaint (**Doc. 7**);
>
> (b) a copy of the Court's December 28, 2020 Order (**Doc. 22**); and
>
> (c) a copy of this Order on Defendants at the address provided by Plaintiff as soon as is practicable, but no later than **Monday, June 14, 2021.**

(4)  pursuant to Fed. R. Civ. P. 4(l)(1) the U.S. Marshals Service will file the completed Process Receipt and Return immediately upon service of the aforementioned documents on Defendants, but if unable to locate Defendants so as to serve these documents as directed, the U.S. Marshals Service will note as much on the completed Process Receipt and Return and file that document no later than **Friday, June 18, 2021.**

(5) the Clerk of the Court will immediately serve a copy of this Order on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that $893.00 in post-judgment attorney's fees be added to the judgment in favor of Plaintiff William Meadows and against Defendants Greenback Recovery Group, LLC, and Susan Conway; the total judgment now being $6,972.50. The Court will reserve ruling on Plaintiff's entitlement to attorney fees, and the amount of those attorney fees, for the instant motion, which Plaintiff asserts amounts to $1,050.00, pending Defendants' response and appearance (if any) to this order.

**IT IS FINALLY ORDERED** that the parties[1] shall appear before the Honorable Kea W. Riggs on **Monday, July 19, 2021 at 10:00 a.m.** via Zoom videoconferencing to show cause why Defendants have not complied with the Court's Order. **The Zoom Meeting ID and Passcode for the hearing is as follows:**

        **MEETING ID:**    161 790 5586

        **PASSCODE:**    946077

**DEFENDANTS ARE REQUIRED TO (1) APPEAR AT THIS HEARING *AND* (2) TO DEMONSTRATE COMPLIANCE WITH ONE OF THE OPTIONS PROVIDED BY THIS COURT IN ITS DECEMBER 28, 2020 ORDER.**

**DEFENDANTS' FAILURE TO APPEAR WILL RESULT IN THE COURT ISSUING A WARRANT FOR DEFENDANT SUSAN CONWAY'S ARREST BY THE UNITED STATES MARSHAL'S SERVICE. IF DEFENDANTS APPEAR AT THE**

---

[1] Pursuant to D.N.M.LR-Civ. 83.7 : **Representation of Corporation, Partnership or Business Entity Other Than a Natural Person.** A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court. The Court notes that no attorney has entered an appearance for Greenback Recovery Group LLC.

**HEARING BUT FAIL TO EVINCE COMPLIANCE WITH THE COURT'S DECEMBER 28, 2020 ORDER AT THE TIME OF THE HEARING, DEFENDANT SUSAN CONWAY WILL BE REMANDED INTO CUSTODY UNTIL SUCH TIME AS SHE ARRANGES FOR COMPLIANCE WITH THAT ORDER.**

                                           **KEA W. RIGGS**
                                           **UNITED STATES DISTRICT JUDGE**