**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

WILLIAM MEADOWS,

     Plaintiff,

     vs.                               1:20-cv-00138-KWR-JFR

GREENBACK RECOVERY GROUP, LLC,
SUSAN CONWAY, and JANE DOE 1-5,

     Defendants.

### ORDER GRANTING IN PART PLAINTIFF'S MOTION

**THIS MATTER** comes before the Court upon Plaintiff's Second Motion for Order of Contempt, Issuance of Writ of Body Attachment, and for Additional Attorney's Fees (**Doc. 30**). For the reasons stated below, the Court **GRANTS IN PART** the motion.

Plaintiff moves for a second time for attorney fees and civil contempt sanctions for Defendants' apparent refusal to comply with the Court's order directing them to respond to post-judgment interrogatories. Defendants did not respond to the motion. Although the Court previously set an order to show cause hearing on Plaintiff's first motion for contempt order, neither party appeared and the Court quashed the order to show cause. **Doc. 29.** For the reasons stated below, the Court will award attorney fees in the requested amount of $1,050 but declines to issue an arrest warrant for Defendant Conway.

### PROCEDURAL BACKGROUND

On February 18, 2020, Plaintiff filed a suit against Defendants alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). Defendants were served on March 16,

2020. Defendants failed to file a responsive pleading or otherwise appear in any manner. Defendants did not contact Plaintiff. Plaintiff filed a Request for Entry of Default as to Defendant Greenback Recovery Group LLC on April 17, 2020, which the Court entered on April 20, 2020. Plaintiff filed a request for Entry of Default as to Defendant Susan Conway on April 22, 2020, which the Court entered on April 23, 2020. Defendants did not move to set aside the Entry of Default or otherwise appear.

On June 22, 2020, default judgment was entered in favor of Plaintiff and against Defendants in the amount of $6,079.50. **Doc. 20**. On August 11, 2020, Plaintiff mailed post judgment interrogatories to Conway on behalf of herself and Greenback Recovery Group LLC. **Doc. 21-2.** Conway received the post judgment interrogatories on August 14, 2020 via Priority Mail. *Id*. The interrogatories were served in aid of the judgment and execution pursuant to Rule 69 of the Federal Rules of Civil Procedure. The deadline for Defendants' responses was September 14, 2020. Defendants have failed to respond to the post-judgment interrogatories in any manner.

On December 21, 2020, Plaintiff filed a Motion to Compel Responses to Post Judgment Interrogatories and for Attorneys' Fees. **Doc. 21.** On December 28, 2020, the Court granted in part Plaintiff's Motion to Compel, ordering Defendants to either: (1) Answer Plaintiff's Post Judgment Interrogatories in full and without objections; (2) Pay the outstanding judgment; or (3) Show cause as to why they failed to respond to Plaintiff's Post Judgment Interrogatories. **Doc. 22.**

Defendants did not respond to the order to show cause and Plaintiffs filed a motion for contempt, seeking attorney fees and Defendants' incarceration for civil contempt. **Doc. 23.** The Court set a show cause hearing. **Doc. 25.** Neither party appeared, therefore the Court quashed the order to show cause. Plaintiff has now filed a second motion to compel.

**DISCUSSION**

2

Plaintiff requests attorney fees to compensate him for the cost of filing the motion to compel, and also requests that the Court incarcerate Defendants until they comply with the Court's order to compel and they respond to the post-judgment interrogatories. As explained below, the Court will award attorney fees but declines to incarcerate the Defendants at this time.

Federal Rule of Civil Procedure 37 permits federal courts to treat as contempt a party's failure to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(vii). Moreover, the Court may award attorney fees in this successful FDCPA action. 15 U.S.C. § 1692k(a)(3). Federal courts also have inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). To hold Defendants in civil contempt, Plaintiff must show by clear and convincing evidence that (1) a valid order existed, (2) the alleged contemnor had knowledge of the order, and (3) the alleged contemnor disobeyed the order. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). Once that showing has been made, the burden shifts to the Defendants to show either that it complied with the order or that it could not comply. *Id.*

The Court finds that $1,050 in attorney fees are sufficient as a sanction for failure to respond to the interrogatories. The record reflects that Defendants have not responded to post-judgment interrogatories and did not comply with Court's December 2020 order compelling Defendants' response to the interrogatories. Plaintiff has filed two motions to compel compliance with the Court's December 2020 order. The Court finds that attorney fees are warranted in the requested amount of $1,050, pursuant to Fed. R. Civ. P. 37 or 15 U.S.C. §1692(k). Plaintiff initially requested these fees in his first motion to compel. Plaintiff stated that counsel expended 3.5 hours on the motion to compel at a billing rate of $300 per hour, which the Court previously determined was reasonable. *See* **Doc. 23 at 2n n.2; Doc. 19.** The Court finds that Defendants'

3

refusal to comply with the Court's December 2020 order and failure to respond to the post-judgment interrogatories caused Plaintiff to incur these costs.  The Court finds that the amount of time spent on the motion by Plaintiff's counsel was reasonable and the billing rate reasonable.

Alternatively, these fees are also warranted as civil contempt sanctions to compensate Plaintiff for losses sustained by Defendants' refusal to comply with the December 2020 order. *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998) ("Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."  Accordingly, courts may employ sanctions in civil contempt proceedings "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.").  Plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that Defendants had knowledge of that court order, and that Defendants disobeyed the order. *Reliance Ins. Co. v. Mast Const. Co*., 159 F.3d 1311, 1315 (10th Cir. 1998).

The Court finds that the requested attorney fees are sufficient to compensate Plaintiff for the losses sustained by Defendants' refusal to comply with the Court's December 2020 order.  The Court finds that incarceration is not appropriate at this time.  The Court finds that the record does not reflect that arrest would satisfy the goals of civil contempt or would serve the purpose of ensuring compliance with the Court's orders.  *See Silva v. Coast to Coast Fin. Sols., Inc.*, No. 114CV02584DDDKMT, 2020 WL 9432701, at *4 (D. Colo. Feb. 10, 2020) ("Incarceration should be employed as a contempt sanction only as a last resort."), citing *Eighth Dist. Elec. Pension Fund v. Elec. Forces LLC*, No. 07-cv-01465-LTB-CBS, 2011 WL 1399691, at *5 (D. Colo. Mar. 28, 2011) (R. & R.), *adopted by* 2011 WL 1397208 (Apr. 13, 2011); *O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir. 1992) (noting that because the proceeding was

4

a civil contempt proceeding, the district court must fashion sanctions intended to coerce the individual into providing a complete accounting or to compensate other party for costs incurred as a direct result of their failure to provide this information, or both).

In sum, the Court finds that the requested $1,050 in attorneys fees is sufficient to compensate Plaintiff for the costs incurred and the Court need not enter an order of arrest of at this time.

**IT IS THEREFORE ORDERED** that the Plaintiff's Second Motion for Order of Contempt, Issuance of Writ of Body Attachment, and for Additional Attorney's Fees (**Doc. 30**) is hereby **GRANTED IN PART** for the reasons described above;

**IT IS FURTHER ORDERED** that $1,050.00 in post-judgment attorney's fees be added to the judgment in favor of Plaintiff William Meadows and against Defendants Greenback Recovery Group, LLC, and Susan Conway; the total judgment now being $8,022.50.

**IT IS FINALLY ORDERED** that the Court declines to issue an arrest warrant at this time.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**